[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11829
Non-Argument Calendar

_____

D. C. Docket No. 05-00304-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALVIN COOPER,
a.k.a. Kurtis Scott Benjamin,
a.k.a. Ivan Breary,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 2, 2007)

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Walvin Cooper appeals his 57-month sentence imposed following his guilty plea for illegal reentry into the United States after deportation as an aggravated felon, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Cooper argues that his sentence is unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) factors, in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), other than the characteristics of his criminal history. Cooper maintains that the district court's failure to articulate its consideration of any of the other § 3553(a) factors presented by Cooper before imposing a Guidelines sentence did not satisfy the district court's statutory duty to consider the § 3553(a) factors.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). The district court's imposition of a sentence and this Court's reasonableness inquiry are guided by the factors outlined in § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005); Winingear, 422 F.3d at 1246. "[T]here is a range of reasonable sentences from which the district court may choose . . . ." Id. at 788. While a sentence within the advisory Guidelines range is not, per se, a reasonable sentence, we ordinarily expect such a sentence to be reasonable. Id. at 787-88. The burden of establishing that the sentence is unreasonable in light of the

record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788. The district court is not obligated to specifically address and analyze every § 3553(a) factor on the record. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, the district court's statement that it has considered those factors is sufficient in post-Booker sentencing. Id. at 1330. Moreover, where the district court has considered permissible factors, we will not substitute our judgment in weighing the relevant factors. United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006).

Upon review of the record and the sentencing transcript, and upon consideration of the briefs of the parties, we conclude that the 57-month sentence is reasonable. The district court accurately calculated the Guidelines range of 57 to 71 months and imposed a sentence at the low end of that range. In reaching its decision, the court heard Cooper's arguments at sentencing and expressly considered the § 3553(a) factors, including the circumstances of the offense, Cooper's criminal history, his lack of respect for the United States, and the danger Cooper posed to the community. The court also took into account Cooper's age and motivation for illegally reentering the United States, factors that Cooper contends call for a below-Guidelines sentence, but concluded that the sentence imposed better served the purposes of sentencing set forth in § 3553(a). Because

3

the district court fulfilled its statutory duty to consider these factors, we affirm.

**AFFIRMED.**